```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                        |   |                           |
|------------------------|---|---------------------------|
| DAIRWOOD E. VEREEN     | : |                           |
| v.                     | : | CIV. NO. 3:07CV1898 (HBF) |
| MICHAEL SIEGLER and    | : |                           |
| SEAN KRAUSS            | : |                           |

<u>RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES</u>

On March 14 to 16, 2011, a jury trial was held on Dairwood Vereen's civil rights action in which he claimed arrest without probable cause and malicious prosecution in violation of his Fourth Amendment rights under the United States Constitution. The jury returned a verdict in favor of plaintiff on the claim of malicious prosecution against both defendants and awarded damages in the amount of $15,000. Pending is plaintiff's motion for attorneys' fees and expenses under 42 U.S.C. §1983 and §1988.

For the reasons that follow, plaintiff's motion **[Doc. #83]** is **GRANTED** in part and **DENIED** as set forth below.[1]

<u>Determining the Amount of Fees and Costs</u>

To determine the amount of fees to award, courts traditionally employed the "lodestar" method: first the court multiplied a reasonable number of hours worked by a reasonable hourly rate to calculate the "lodestar" amount, and then adjusted

---

[1]The Court assumes familiarity with the background facts of this case and will discuss only those facts essential to the disposition of this application for attorney's fees and costs.

the lodestar amount up or down based on case-specific factors. See, e.g., Adorno v. Port Authority of New York and New Jersey, 685 F. Supp. 2d 507, 510 (S.D.N.Y. 2010). Recently, however, the Second Circuit has abandoned the use of the term "lodestar," Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008), and outlined a different process for calculating fees. The district court should first determine a "reasonable hourly rate," based on case-specific variables, and then multiply that rate by the number of hours reasonably expended to arrive at a "presumptively reasonable fee." Id. That amount is only "presumptively" reasonable; the court may still adjust that amount based on relevant factors specific to the instant case. See Robinson v. City of N.Y., No. 05 Civ. 9545(GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009) ("Following the determination of the presumptively reasonable fee, the court must then consider whether an upward or downward adjustment of the fee is warranted based on factors such as plaintiffs' success in the litigation."); McDow v. Rosado, 657 F. Supp. 2d 463, 467 (S.D.N.Y. 2009) ("unstated, but again presumed, is that the presumptively reasonable fee is just that-a presumptive figure that can be further adjusted as circumstances warrant").

"Hence, the process is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the

number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." Adorno, 685 F. Supp. 2d at 510.

1. Reasonable Hourly Rate

The Supreme Court has identified twelve factors that should be taken into account when calculating the "reasonable hourly rate," and that would warrant an adjustment of the presumptively reasonable fee. See Hensley v. Eckerhart, 461 U.S. 424, 429-30 n.3 (1983) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

See Johnson, 488 F.2d at 717-719.

Reasonable hourly rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson,

465 U.S. 886, 895 (1984). There is a rebuttable presumption that the reasonable hourly rate is one based on prevailing fees in the district where the case was litigated. See Arbor Hill, 522 F.3d at 191-193. A reasonable hourly rate is "the rate a paying client would be willing to pay." Id. at 190. "[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998).

Plaintiff filed this application on March 17, 2011, seeking $40,050 in attorneys' fees and $2,949.56 in costs. In support of the application, plaintiff submitted the affidavit of Attorney John R. Williams, along with contemporaneous billing records showing attorney time and expenditures. [Doc. #83-1]. Attorney Williams billed 74 hours for work performed between December 26, 2007 and March 17, 2011 at a rate of $500 per hour. Attorney Williams has been a member of the bar since 1968, with over forty-three years of experience. Williams Aff. ¶2.

Plaintiff also seeks attorneys' fees for 12.5 hours of work performed by Associate Attorneys Katrena Engstrom and Joseph Merly, at an hourly rate of $250.

Defendants dispute the reasonableness of the hourly rate for Attorney Williams, claiming it is excessive and should be reduced to $300 per hour. [Doc. #96 at 8]. Defendants' survey of cases found only one opinion where Attorney Williams was awarded a rate

4

of $500 per hour, in a case where plaintiff won a $300,000 excessive force verdict and his fee application was not opposed. Muhammed v. Martoccio, No. 3:06-cv-1137(WWE), 2010 WL 3718560, *3 (D. Conn. Sept. 13, 2010). Attorney Williams' billing rate was $500 per hour from the beginning of his involvement in Muhammed on May 10, 2010. Here, Attorney Williams filed the complaint in December 2007. [Doc. #1]. Defendants provided a survey of cases showing fee awards of $300 to $350 per hour for Attorney Williams in this district. See Johnson v. Rapice, No. 3:00CV1556(DFM), 2007 WL 1020747, (D. Conn. Mar. 30, 2007) (determining "that a rate of $300/hour was the appropriate rate for an attorney of Mr. Williams' experience as of 2005" and citing 2005 opinions in this district awarding Attorney Williams an hourly rate of $300); Galazo v. Pieksza, No. 4:01CV01589 (TPS), 2006 WL 141652, (D. Conn. Jan. 19, 2006) (Attorney Williams requested and received an hourly rate of $350 in 2006); c.f. In Bridgeport and Port Jefferson Steamboat Co. v. Bridgeport Port Authority, No. 3:03CV599(CFD), 2011 WL 721582, *5 (D. Conn. Feb 22, 2011) (awarding attorney with forty-three years experience an hourly rate of $425 and summarizing cases); Pappas v. Watson Wyatt & Co., No. 3:04CV304 (EBB), 2008 WL 45385, at *5 (D. Conn. Jan. 2, 2008) (awarding hourly rate of $400 to Stamford employment discrimination attorney with 18 years experience in 2008); Tolnay v. Wearing, Civil No. 3:02 CV 1514 (EBB), 2007 WL 2727543 at *2

(D. Conn. Sept. 19, 2007) (awarding hourly rate of $350 to New Haven civil rights attorney with 18 years experience in 2007).

"The determination of a prevailing rate requires a 'case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.'" M.K. ex rel. K. v. Sergi, 578 F. Supp. 2d 425, 427 (D. Conn. 2008 (quoting Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005)). "This inquiry may include taking judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district, but it also requires evaluating the evidence proffered by the parties." Id.

Mindful of the Second Circuit's admonition that attorney's fees be awarded with an "eye to moderation," New York State Ass'n. for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983), the court finds that $400 an hour is a reasonable hourly fee for Attorney Williams.

As for the Associates who worked on this case, the Court finds that an hourly rate of $250 is reasonable. Defendants do not dispute this hourly rate in their opposition.

2. Reasonableness of Time Spent

The Court must next determine the number of hours for which fees will be awarded. In that regard, the Court has carefully

6

scrutinized the time records submitted to insure that the time was "usefully and reasonably expended," see <u>Lunday v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994), and to eliminate hours that appear excessive, redundant, or otherwise unnecessary. See <u>Kirsch v. Fleet Street, Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998). Where appropriate, the Court has also reduced the requested hours to reflect plaintiff's degree of success. As the Supreme Court held in <u>Hensley</u>, 461 U.S. at 435, it is not necessary for a plaintiff to have prevailed on every contention raised in a lawsuit to receive a fully compensatory fee. But, if the plaintiff has achieved only partial or limited success, as in this case, even where the claims are interrelated, non-frivolous, and raised in good faith, the Court has the discretion to reduce the award to account for the plaintiff's limited success. <u>Id.</u> at 436-37.

There is no question that plaintiff's counsel was successful in this case. The time records attached to plaintiff's motion are sufficiently specific with respect to the nature of the work performed.

<u>Time Counseling Client and Reviewing Transcripts</u>

The Court approves the time plaintiff's counsel spent counseling his client and reviewing the transcripts from the criminal trial and civil cases involving the defendants.

<u>Secretarial/Paralegal Tasks</u>

7

Counsel billed for secretarial/paralegal tasks performed on March 7 and 13, 2011 totaling 3 hours. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989) (quoting <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717 (5th Cir. 1974) ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it."). These tasks are appropriately billed at $100 per hour. <u>Muhammed v. Martoccio</u>, 2010 WL 3718560 at *4.

<u>Travel Expenses</u>

"Non-working travel time is customarily billed at half-rate in the Second Circuit." <u>Muhammed v. Martoccio</u>, 2010 WL 3718560 at *3 (citing <u>Gonzalez v. Bratton</u>, 147 F. Supp. 2d 180, 213 n.6 (S.D.N.Y. 2001)). Accordingly, the time entries for travel by John Williams on February 20, 2009 (1.5 hours); March 9, 2011 (1.0 hour); March 14, 2011 (1.0 hour); March 15, 2011 (1.0 hour); and March 16, 2011 (1.0), totaling 5.5 hours, and the time entries for Attorneys Engstom/Merly on March 3, 2009 (1.5 hours); June 9, 2010 (1.5 hours); and September 28, 2010 (1.5 hours), totaling 4.5 hours, are reduced to half rate.

8

3. <u>Presumptively Reasonable Fee</u>

|  | Rate | Hours | Total |
|---|---|---|---|
| John Williams, Partner | $400 | 64.5 | $25,800.00 |
| Williams Travel Time | $200 | 5.5 | $ 1,100.00 |
| Secretarial/Paralegal tasks | $100 | 4.0 | $   400.00 |
| Engstrom/Merly, Associates | $250 | 8.0 | $ 2,000.00 |
| Associate Travel Time | $125 | 2.25 | $   281.25 |
| TOTAL |  |  | $29,581.25 |

4. <u>Reasonable Adjusted Fee</u>

Having determined the presumptively reasonable fee, the final step in the fee determination is to inquire whether an upward or downward adjustment is required. The Supreme Court has held that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" <u>Farrar v. Hobby</u>, 506 U.S. 103, 114 (1992) (quoting <u>Hensley</u>, 461 U.S. at 436). The Second Circuit has recently explained how district courts should consider the degree of success obtained:

> A district court's assessment of the degree of success achieved in a case is not limited to inquiring whether a plaintiff prevailed on individual claims . . . . Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint, are key factors in determining the degree of success achieved . . . . Indeed, this comparison promotes the court's central responsibility to make the

9

> assessment of what is a reasonable fee under
> the circumstances of the case.

Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2008) (internal quotations and citations omitted). In making this assessment, courts have rejected a proportionality rule, that is awarding the prevailing party fees in the same ratio as the monetary success achieved. See e.g., City of Riverside v. Rivera, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). While a court may exclude hours spent on "severable unsuccessful claims," Green v. Torres, 361 F.3d 96, 98 (2d Cir. 2004), "where the successful and the unsuccessful claims were interrelated and required essentially the same proof," the fee amount need not be reduced. Murphy v. Lynn, 118 F.3d 938, 952 (2d Cir. 1997) (citing cases).

The Court finds an across-the-board reduction is not warranted based on the unsuccessful claim as the two claims and were interrelated and required essentially the same proof. Accordingly, plaintiff's request for fees is **GRANTED** in the amount of $29,581.25.

Costs

Plaintiff also seeks $2,949.56 in costs associated with this

litigation. Defendants do not oppose the costs sought by plaintiff.

### Complaint and Service of Process

The Complaint filing fee and service fees for initial process and service fees for subpoenas for nonparty witnesses are recoverable pursuant to D. Conn. L. Civ. R. 54(c)(1). The Court finds these costs in the amount of $1,106.40 are permitted.

### Fees for Court Reporter

The costs of an original and one copy of trial and deposition transcripts are recoverable if they are used for cross examination or impeachment, or if they are necessarily obtained for the preparation of the case and for the convenience of counsel. D. Conn. L. Civ. R. 54(c)(2)(ii). The Court finds costs for trial and deposition transcripts in the amount of $1,632.67 are permitted.

### Fees for Witnesses

Witness fees for attendance at a trial are recoverable "when the witness has actually testified or was necessarily in attendance at trial . . . ." D. Conn. L. Civ. R. 54(c)(4)(I). The Court allows the witness fees for Tanisha Hall, Rhonda Brown, and Jennifer Hall in the amount of $179.49. [Doc. #83-1] at 7].

### Photocopies

"Costs for exemplifications or copies of papers are taxable

only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case. . . . Copies for the convenience of counsel or additional copies are not taxable unless otherwise directed by the Court." D. Conn. L. Civ. R. 54(c)(3)(I). Plaintiff seeks reimbursement for fee to Meriden Police Department for Internal Affairs records of defendant Siegler in the amount of $31.00 for use in this case are allowed.

Accordingly, plaintiff's request for costs is **GRANTED** in the amount of **$2,949.56.**

CONCLUSION

For the reasons stated, plaintiff's Motion for Attorney Fees and Expenses **[Doc. #83]** is **GRANTED** in accordance with this ruling. Attorney's fees are awarded in the amount of **$29,581.25** and costs in the amount of **$2,949.56.**

This is not a recommended ruling. The parties consented to proceed before a United States Magistrate Judge [Doc. #45] on August 17, 2010, with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 16th day of June 2011.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE